MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| TATPONG KAEWJINO, JONATAN MORENO, and DEVPAUL DHARAMRAJ, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |
| -against- | |
| MOKBAR II, LLC. (D/B/A MOKBAR), MOKBAR LLC. (D/B/A MOKBAR), ESTHER CHOI, JESSICA PARK , ROBERT KODA, and JONATHAN KAVOURAKIS, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Tatpong Kaewjino, Jonatan Moreno, and Devpaul Dharamraj, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Mokbar II, LLC. (d/b/a Mokbar), Mokbar LLC. (d/b/a Mokbar) ("Defendant Corporations"), Esther Choi, Jessica Park, Robert Koda, and Jonathan Kavourakis ("Individual Defendants") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants Mokbar II, LLC. (d/b/a Mokbar), Mokbar LLC. (d/b/a Mokbar), Esther Choi, Jessica Park, Robert Koda, and Jonathan Kavourakis.

2.      Defendants own, operate, or control two Korean restaurants, located at 75 9th Ave., New York, New York 10011 (the "Chelsea Market location") and at 212 Flatbush Ave., Brooklyn, NY 11217 (the "Brooklyn location"), under the name "Mokbar."

3.      Upon information and belief, individual Defendants Esther Choi, Jessica Park, Robert Koda, and Jonathan Kavourakis, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bar restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employees of Defendants.

5.      Plaintiffs have been employed as cashiers, servers and cooks, at the Brooklyn and Chelsea Market locations.

6.      Plaintiffs Kawjino and Moreno have ostensibly been employed as servers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to cleaning the restaurant, checking beverages inventory, washing dishes, sweeping and mopping, cleaning the shelves, stocking beverages, changing beer kegs, making purchases for the restaurant, moving the tables and chairs for cleaning, taking out trash, checking credit card receipts, doing schedule and payroll, cleaning the cashier station, serving drinks at the cashier station (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

8.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

10.     Defendants have employed and accounted for Plaintiffs Kawjino and Moreno as servers in their payroll, but in actuality their duties have required a significant amount of time spent performing non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because these Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants have employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as servers instead of non-tipped employees. This has allowed Defendants to avoid paying these Plaintiffs at the minimum wage rate and has enabled them to pay them at the tip-credit rate.

13.     In addition, Defendants have maintained a policy and practice of unlawfully appropriating these Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

14.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Korean restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

20.    Plaintiff Tatpong Kaewjino ("Plaintiff Kaewjino" or "Mr. Kaewjino") is an adult individual residing in Queens County, New York. Plaintiff Kaewjino has been employed by Defendants at the Brooklyn and Chelsea Market locations from approximately January 2017 until on or about the present date.

21.     Plaintiff Jonatan Moreno ("Plaintiff Moreno" or "Mr. Moreno") is an adult individual residing in Kings County, New York. Plaintiff Moreno has been employed by Defendants at the Chelsea Market location from approximately September 15, 2017 until on or about the present date.

22.     Plaintiff Devpaul Dharamraj ("Plaintiff Dharamraj" or "Mr. Dharamraj") is an adult individual residing in Kings County, New York. Plaintiff Dharamraj was employed by Defendants at the Chelsea Market location from approximately July 31, 2017 until on or about December 16, 2017.

*Defendants*

23.     At all relevant times, Defendants have owned, operated, or controlled two Korean restaurant, located at 75 9th Ave., New York, New York 10011 and at 212 Flatbush Ave., Brooklyn, New York 11217, under the name "Mokbar."

24.     Upon information and belief, Mokbar II, LLC. (d/b/a Mokbar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 75 9th Ave., New York, New York 10011.

25.     Upon information and belief, Mokbar LLC. (d/b/a Mokbar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 75 9th Ave., Space F, New York, New York 10011.

26.     Defendant Esther Choi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Esther Choi is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Esther Choi possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Jessica Park is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jessica Park is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jessica Park possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Robert Koda is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Koda is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Robert Koda possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.    Defendant Jonathan Kavourakis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jonathan Kavourakis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jonathan Kavourakis possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

30.     Defendants operate two Korean restaurants one of which is located in the Chelsea Market in Manhattan and the other in the Poerum Hill section of Brooklyn.

31.     Individual Defendants, Esther Choi, Jessica Park, Robert Koda, and Jonathan Kavourakis, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendants Esther Choi, Jessica Park, Robert Koda, and Jonathan Kavourakis operate Defendant Corporations as either alter egos of

themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.    In each year from 2017 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.     Plaintiffs are both current and former employees of Defendants who have been employed as servers, cashiers and cook. However, the tipped workers have spent over 20% of each shift performing the non-tipped duties described above.

41.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Tatpong Kaewjino*

42.     Plaintiff Kaewjino has been employed by Defendants from approximately January 2017 until on or about the present date.

43.     Defendants have employed Plaintiff Kaewjino as a cashier, a server and a lead server at the Brooklyn and Chelsea Market locations.

44.     However, Plaintiff Kaewjino has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

45.     Although Plaintiff Kaewjino has been employed as a cashier, a server and a lead server, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.     Plaintiff Kaewjino has regularly handled goods in interstate commerce, such as Thai spices and other supplies produced outside the State of New York.

47.     Plaintiff Kaewjino's work duties have required neither discretion nor independent judgment.

48.     Throughout his employment with Defendants, Plaintiff Kaewjino has regularly worked in excess of 40 hours per week.

During the month of January 2017, Plaintiff Kaewjino worked an average of 40 hours per week at the Brooklyn location

49.     From approximately February 2017 until on or about July 2017, Plaintiff Kaewjino worked an average of 20 to 30 hours per week at the Chelsea Market location.

50.     From approximately August 2017 until on or about the present date, Plaintiff Kaewjino has worked an average of 48 to 50 hours per week at the Chelsea Market location.

51.     Throughout his employment, Defendants have paid Plaintiff Kaewjino his wages by check (via direct deposit).

52.     Throughout January 2017, Defendants paid Plaintiff Kaewjino $11.00 per hour (but only for 15 hours worked).

53.     From approximately February 2017 until on or about May 2017, Defendants paid Plaintiff Kaewjino $11.00 per hour (as a cashier) and $7.50 per hour (as a server).

54.     From approximately June 2017 until on or about July 2017, Defendants paid Plaintiff Kaewjino $7.50 per hour.

55.     From approximately August 2017 until on or about December 2017, Defendants paid Plaintiff Kaewjino $12.50 per hour (but only for 40 hours).

56.     Throughout January 2018, Defendants paid Plaintiff Kaewjino $8.00 per hour.

57.     Throughout February 2018, Defendants have paid Plaintiff Kaewjino $9.00 per hour.

58.     For a period of approximately 25 hours in January 2017, Defendants did not pay Plaintiff Kaewjino any wages for his work.

59.    Plaintiff Kaewjino's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

60.    For example, Defendants have required Plaintiff Kaewjino to work an additional 5 hours per week at home, and have not paid him for the additional time he has worked.

61.    Defendants have never granted Plaintiff Kaewjino any breaks or meal periods of any kind.

62.    Plaintiff Kaewjino has never been notified by Defendants that his tips are being included as an offset for wages.

63.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Kaewjino's wages.

64.    Defendants have withheld a portion of Plaintiff Kaewjino's tips; specifically, Defendants pocketed 2.5% of credit card tips.

65.    Although Plaintiff Kaewjino has been required to keep track of his time, Defendants have required him to record fewer hours than he actually has worked. As a result, Plaintiff Kaewjino has not been compensated for all of the hours that he has worked.

66.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Kaewjino regarding overtime and wages under the FLSA and NYLL.

67.    Defendants have never provided Plaintiff Kaewjino an accurate statement of wages, as required by NYLL 195(3).

68.    Defendants have never given any notice to Plaintiff Kaewjino, in English and in Thai (Plaintiff Kaewjino's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     Defendants have required Plaintiff Kaewjino to purchase "tools of the trade" with his own funds—including pants, socks and shoes.

*Plaintiff Jonatan Moreno*

70.     Plaintiff Moreno has been employed by Defendants from approximately September 15, 2017 until on or about the present date.

71.     Defendants have employed Plaintiff Moreno as a server and a cashier at the Chelsea Market location.

72.     However, Plaintiff Moreno has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

73.     Although Plaintiff Moreno has been employed as a server and a cashier, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

74.     Plaintiff Moreno has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

75.     Plaintiff Moreno's work duties have required neither discretion nor independent judgment.

76.     From approximately September 15, 2017 until on or about December 2017, Plaintiff Moreno worked as a server and a cashier for an average of 25 to 30 hours per week.

77.     From approximately January 2018 until the present date, Plaintiff Moreno has worked as a server and a cashier for an average of 30 to 40 hours per week.

78.     Throughout his employment, Defendants have paid Plaintiff Moreno his wages by check (via direct deposit).

79.     From approximately September 15, 2017 until on or about October 22, 2017, Defendants paid Plaintiff Moreno $7.50 per hour.

80.     From approximately October 23, 2017 until on or about December 31, 2017, Defendants paid Plaintiff Moreno $11.00 per hour.

81.     From approximately January 2018 until the present date, Defendants have paid Plaintiff Moreno $11 per hour (as a cashier) and $8.00 or $9.00 per hour (as a server).

82.     Defendants have never granted Plaintiff Moreno any breaks or meal periods of any kind.

83.     Plaintiff Moreno has never been notified by Defendants that his tips are being included as an offset for wages.

84.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Moreno's wages.

85.     Defendants have withheld a portion of Plaintiff Moreno's tips; specifically, Defendants pocketed 2.5% of credit card tips.

86.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Moreno regarding overtime and wages under the FLSA and NYLL.

87.     Defendants have never provided Plaintiff Moreno an accurate statement of wages, as required by NYLL 195(3).

88.     Defendants have never given any notice to Plaintiff Moreno, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Devpaul Dharamraj*

89.     Plaintiff Dharamraj was employed by Defendants from approximately July 31, 2017 until on or about December 16, 2017.

90.     Defendants employed Plaintiff Dharamraj as a cook at the Chelsea Market location.

91.    Plaintiff Dharamraj regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

92.    Plaintiff Dharamraj's work duties required neither discretion nor independent judgment.

93.    Throughout his employment with Defendants, Plaintiff Dharamraj regularly worked in excess of 40 hours per week.

94.    From approximately July 31, 2017 until on or about December 16, 2017, Plaintiff Dharamraj worked as a cook from approximately 10:30 a.m. until on or about 9:30 p.m. to 9:45 p.m., 5 days a week and from approximately 12:00 p.m. until on or about 8:00 p.m., 1 day a week (typically 63 to 64.25 hours per week).

95.    Throughout his employment, Defendants paid Plaintiff Dharamraj his wages by check (via direct deposit).

96.    From approximately July 31, 2017 until on or about October 2017, Defendants paid Plaintiff Dharamraj $12.00 per hour.

97.    From approximately October 2017 until on or about December 16, 2017, Defendants paid Plaintiff Dharamraj $13.00 per hour.

98.    Plaintiff Dharamraj's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

99.    For example, Defendants required Plaintiff Dharamraj to work an additional 15 minutes past his scheduled departure time five days a week, and did not pay him for the additional time he worked.

100.    Although Plaintiff Dharamraj was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Dharamraj was not compensated for all of the hours that he worked.

101.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Dharamraj regarding overtime and wages under the FLSA and NYLL.

102.    Defendants did not provide Plaintiff Dharamraj an accurate statement of wages, as required by NYLL 195(3).

103.    In fact, Defendants adjusted Plaintiff Dharamraj's paystubs so that they reflected inaccurate wages and hours worked.

104.    Defendants did not give any notice to Plaintiff Dharamraj of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

105.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

106.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

107.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

108.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

109.    Defendants have required Plaintiffs Kawjino and Moreno and all servers to perform general non-tipped tasks in addition to their primary duties as servers. These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties have included a significant amount of time spent performing non-tipped duties.

110.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties have exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

111.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

112.    The servers' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

113.    Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

114.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

115.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as servers for the tips they received.

116.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving servers of a portion of the tips earned during the course of employment.

117.    Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

118.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

119.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

120.    Defendants' time keeping system has not reflect the actual hours that Plaintiffs have worked.

121.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

122.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

123.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

124.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated workers.

125.    Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

126.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

127.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

128.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

129.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

130.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

131.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

132.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

133.    There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants have failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants have failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

134.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

135.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

136.    The common questions of law and fact predominate over questions affecting only individual members.

137.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

138.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

141.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

142.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

143.    Defendants have failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

144.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

145.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

146.    Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

147.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

149.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

150.    Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

151.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152.    At all times relevant to this action, Defendants have been Plaintiffs' (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

153.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs (and the FLSA and Rule 23 class members)less than the minimum wage.

154.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

155.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

156.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

157.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

158.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

159.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

160.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

161.    Defendants have failed to pay Plaintiffs(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

162.    Defendants' failure to pay Plaintiffs(and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

163.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

164.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Thai (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

166.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

167.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

169.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

170.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

171.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

172.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

173.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

174.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

175.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

176.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

177.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

178.    Plaintiffs (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages

in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs(FLSA and Rule 23 Class members);

(k)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(l)    Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)    Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 21, 2018

                            MICHAEL FAILLACE & ASSOCIATES, P.C.

                    By:        /s/ Michael Faillace
                            Michael Faillace [MF-8436]
                            60 East 42nd Street, Suite 4510
                            New York, New York 10165
                            Telephone: (212) 317-1200
                            Facsimile: (212) 317-1620
                            *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                          Tatpong Kaewjino

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            09 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

February 12, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jonatan Moreno

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      *Jonatan Moreno*

Date / Fecha:                           12 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 14, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Devpaul Dharamraj

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     14 de febrero de 2018

*Certified as a minority-owned business in the State of New York*