# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510              Telephone: (212) 317-1200
New York, New York 10165                        Facsimile: (212) 317-1620
_____

September 4, 2018

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

         Re:     Kaewjino et al v. Mokbar II, LLC. et al;
                 18-cv-01558-VEC

Your Honor,

     This firm represents the Plaintiffs Tatpong Kaewjino, Jonatan Moreno, and Devpaul Dharamraj ("Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Defendants Mokbar II, LLC (d/b/a Mokbar), Mokbar LLC. (d/b/a Mokbar) (the "Defendant Corporations"), Esther Choi, Robert Koda, and Jonathan Kavourakis (the "Individual Defendants") (collectively, "Defendants") to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as **Exhibit A.**

     Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice against these Defendants, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims against the Parties asserted in this case as outlined more specifically in the attached Agreement.

     The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**Background**

     Plaintiff Tatpong Kaewjino ("Plaintiff Kaewjino") was employed by Defendants as a cashier, server, and lead server from approximately January 2017 until in or about February 2018. Plaintiff Kaewjino worked 20 to 50 hours per week and was paid $7.50 to $12.50 per hour. Plaintiff Jonatan Moreno ("Plaintiff Moreno") was employed by Defendants as a server and cashier from approximately September 2017 until in or about February 2018. Plaintiff Moreno worked

Hon. Valerie E. Caproni
September 4, 2018

25 to 40 hours per week and was paid $7.50 to $11.00 per hour.  Plaintiff Devpaul Dharamraj ("Plaintiff Dharamraj") was employed by Defendants as a cook from approximately July 2017 until in or about December 2017.  Plaintiff Dharamraj worked 63 to 64.25 hours per week and was paid $12.00 to $13.00 per hour.

Plaintiffs thereafter brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., the overtime wage orders of the New York Commission of Labor codified at N.Y. Comp Codes R. & Regs. Tit. 12, § 146-1.6, and the N.Y. Lab. Law § 190 et seq.  Plaintiffs also sought statutory damages for violations of the wage notice and wage statement provisions in New York Labor Law § 195.

Defendants dispute Plaintiffs' pay received and hours worked.  After weighing the risks of trial and costs of further litigation, the parties have reached an agreement at an early stage.

**Settlement**

The parties have agreed to settle this action for the total sum of Twenty Thousand Dollars ($20,000.00) which will be paid as outlined in **Exhibit A**.  Plaintiffs estimated that, in their best-case scenario, they would be entitled to approximately $49,191.43, of which $8,097.06 would equal their unpaid wages.

Thirteen Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($13,333.33) of the settlement amount will be given to Plaintiffs.  The remaining Six Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($6,666.67) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)).  "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.,* 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs.  Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage

Hon. Valerie E. Caproni
September 4, 2018

of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. Settlement at this stage avoids the need for costly trial. Furthermore, the settlement agreement is the product of arm's-length bargaining between counsel.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $6,666.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace: Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour and indicated by the initials "MF."
- Haleigh Amant is an associate at Michael Faillace & Associates, P.C. Since graduating law school in 2017 from the George Washington University Law school, she has been practicing strictly employment law and representing employees in wage and hour disputes. Her work is billed at $250 per hour and indicated by the initials "HA."

The lodestar amount for Plaintiffs' attorneys' fees is $3,123.00. A copy of Plaintiffs' attorneys' billing records is annexed hereto as **Exhibit B**. It is fair and reasonable for Plaintiffs' attorneys to receive one-third of the total settlement amount. Plaintiffs' attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the

Hon. Valerie E. Caproni
September 4, 2018

settlement that goes to Plaintiffs' attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount.  It also would create a disincentive to early settlement, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved.  *See Hyun*, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting *McDaniel v. City of* Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).  Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees.  This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.  However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiffs' attorneys from that proposed herein, the parties and Plaintiffs' attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution from the settlement amount to Plaintiffs' attorneys that the Court deems appropriate.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his clients.  Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

        Respectfully Submitted,

        /s/ Michael Faillace
        Michael Faillace, Esq.
        Michael Faillace & Associates, P.C.
        *Attorneys for Plaintiffs*

cc:    Lee Jacobs, Esq.
        *Attorney for Defendants*