EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATPONG KAEWJINO, JONATAN MORENO, and DEVPAUL DHARAMRAJ, *individually and on behalf of others similarly situated*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MOKBAR II, LLC (D/B/A MOKBAR), MOKBAR LLC. (D/B/A MOKBAR), ESTHER CHOI, JESSICA PARK, ROBERT KODA, and JONATHAN KAVOURAKIS,<br><br>*Defendants*. | 18-CV-01558-VEC<br><br>SETTLEMENT AGREEMENT AND <u>GENERAL RELEASE</u> |

   This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Tatpong Kaewjino, Jonatan Moreno, and Devpaul Dharamraj ("Plaintiffs") on the one hand, and Mokbar II, LLC (d/b/a Mokbar), Mokbar LLC. (d/b/a Mokbar) (the "Defendant Corporations"), Esther Choi, Robert Koda, and Jonathan Kavourakis (the "Individual Defendants") (collectively the Defendant Corporations and the Individual Defendants are the "Defendants"), on the other hand.

   WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

   WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-01558-VEC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

   WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

   WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

   1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

any and all claims or potential claims identified in paragraph 3 of this Agreement Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twenty Thousand Dollars (**$20,000**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

(a) A check in the amount of TwentyThousand Dollars ($20,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit, within thirty days after court approval of the settlement agreement, delivered to Plaintiffs' counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165. Determination of the Plaintiffs' shares, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

2. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Dismissal of the Litigation</u>: Plaintiffs shall file with the Court in this litigation along with the executed Settlement Agreement for approval, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

5. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

6. <u>Acknowledgment:</u> Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiffs:**

Date: 8/31/18     By: _____
                      Tatpong Kaewjino

Date: 8/31/18     By: _____
                      Jonatan Moreno

Date: 8/31/18     By: _____
                      Devpaul Dharamraj

**Defendants:**

Mokbar II, LLC. (d/b/a Mokbar)
By: _*Esther Choi*_
Print Name: Esther Choi          Date: 08/30/2018

Mokbar LLC (d/b/a Mokbar)
By: _*Esther Choi*_
Print Name: Esther Choi          Date: 08/30/2018

Date: 08/30/2018          By: _*Esther Choi*_
                          Esther Choi

Date: 08/30/2018          By: _RK_
                          Robert Koda

Date: 09/02/2018          By: _JK_
                          Jonathan Kavourakis